# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES L. RADERS,

      Plaintiff,

v.                                  Case No: 6:18-cv-711-Orl-40TBS

MICHAEL D. FRANTZ, FRANTZ COMMUNITY INVESTORS, L.L.C and FRANTZ VENTURES, L.L.C,

      Defendants.
_____/

## ORDER

Plaintiff James Raders brings this suit against Defendants—Michael Frantz ("**Frantz**") and the Frantz LLCs (Frantz Community Investors, L.L.C. and Frantz Ventures, L.L.C.)—seeking to recover funds that Frantz fraudulently obtained from Raders. (Doc. 10). Now, Defendants move to dismiss for lack of personal jurisdiction. (Doc. 15). Plaintiff responded in opposition. (Doc. 18). With briefing complete, the matter is ripe. Upon consideration, Defendants' motion is due to be denied.

**I.    BACKGROUND**[1]

James Raders and Michael Frantz have history. They've been friends since childhood, and their close friendship continued well into adulthood. (Doc. 10, p. 1). Their friendship lasted despite their lives taking different paths. Raders practiced medicine,

---

[1] This account of the facts comes from the Complaint. (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

while Frantz pursued a career in real estate development. (*Id.*). Before the events giving rise to this case, Raders had invested money in some of Frantz's projects. (*Id.*).

Their decades-long friendship would unravel after Frantz solicited Raders' investment in a too-good-to-be-true real estate venture. In late 2015, Frantz contacted Raders via email and text message seeking capital to invest in Frantz's "profitable real estate development investment opportunities." (*Id.* ¶ 8). Frantz promised a minimum interest rate of twelve percent (12%) to induce Raders' investment. (*Id.* ¶ 14). Raders later learned of a possible real estate deal involving a restaurant in Melbourne, Florida, so he told Frantz. (*Id.* ¶ 10). With this, Frantz leapt into action. He visited Raders in Melbourne February 20–22, 2016. (*Id.* ¶ 10). During his visit, Frantz encouraged Raders to withdraw his savings to invest "in larger profit-making real estate ventures." (*Id.*). Frantz traveled to Florida three more times—between March and August 2017—to discuss real estate deals and to secure Raders' investment. (*Id.* ¶ 11).

Convinced that the investment would be profitable, Raders liquidated his retirement account and life insurance equity and sent Frantz the proceeds, $2,502,212.96. (*Id.* ¶ 14). As it turned out, Frantz's promises went unfulfilled. Frantz has failed to make promised interest payments, invest the funds in qualified investments, or even account for the location of Raders' funds. (*Id.* ¶ 24). Raders apparently was not Frantz's only alleged victim, as several other entities are suing Frantz for similar schemes. (*Id.* ¶ 25).

Raders now brings this action against Frantz and the Frantz LLCs to recoup his money. The Complaint alleges six claims for relief: (1) fraud in the inducement; (2) breach of contract; (3) civil theft; (4) conversion; (5) unjust enrichment; and (6) piercing the

2

corporate veil against Frantz Ventures, L.L.C. (*Id.* ¶¶ 28–67). Defendants move to dismiss for want of personal jurisdiction. (Doc. 15).

## II. STANDARD OF REVIEW

A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010). A plaintiff bringing suit against a nonresident defendant must allege "sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Court must accept the allegations in the complaint as true where they are uncontroverted by the defendant's affidavits and resolve all reasonable inferences in the plaintiff's favor. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).[2]

## III. DISCUSSION

The issue to be decided is whether Defendants are subject to specific personal jurisdiction before this Court.[3]

---

[2] Because Defendants did not submit affidavits or other evidence supporting their position, the Court limits its review to the face of the Complaint. *See Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1437464, at *5 (M.D. Fla. Apr. 4, 2017) (Report & Recommendation) *adopted*, 2017 WL 1426664.

[3] Personal jurisdiction can be general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "'Specific' or 'case-linked' jurisdiction

## A. Personal Jurisdiction

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Personal jurisdiction disputes involve a two-step inquiry: "(1) whether personal jurisdiction exists . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Defendants only challenge the second step, arguing that the exercise of personal jurisdiction over Defendants would violate the Due Process Clause. (Doc. 15).

The Due Process Clause requires that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### 1. Minimum Contacts

The "minimum contacts" requirement "is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum state, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Licciardello*, 544 F.3d at 1284 (internal citations omitted). This requirement can be met by a single act so long as it

---

'depends on an affiliatio[n] between the forum and the underlying controversy.'" *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear*, 564 U.S. at 919).

creates a "substantial connection" between the defendant and the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985).

Here, Plaintiff's claims arise from Frantz's actions that were purposefully directed toward Plaintiff in Florida, causing injuries in the state. Further, Plaintiff alleges that Defendant visited him in Florida on numerous occasions, during which he made misrepresentations about the supposed investment opportunities. Thus, Frantz's contacts with Florida easily satisfy the Due Process Clause's "minimum contacts" requirement. *See Am. Vintage Gun & Pawn, Inc. v. Hogan Mfg., LLC*, No. 8:12–cv–25, 2012 WL 2366690, at *3 (M.D. Fla. June 21, 2012).

The "minimum contacts" requirement is likewise satisfied under the *Calder* "effects" test due to Frantz's alleged intentional torts against Raders. "When an intentional tort is alleged, personal jurisdiction may be supported over a non-resident defendant who has no other contacts with the forum." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1298 (S.D. Fla. 2009) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)); *see also Licciardello*, 544 F.3d at 1287–88. The "effects" test provides for the exercise of personal jurisdiction over nonresident defendants who commit (1) an intentional tort (2) aimed at the forum state (3) that causes harm in the forum state that was foreseeable. *Licciardello*, 544 F.3d at 1286.

The "effects" test easily supports jurisdiction in this case. Raders alleges that Frantz committed several intentional torts in fraudulently inducing financial transfers from Raders. Thus, Frantz's actions amount to (1) an intentional tort (or intentional torts) (2) aimed at Florida (3) that foreseeably caused Raders harm in Florida. *See Licciardello*, 544 F.3d at 1286; *Exhibit Icons*, 609 F. Supp. 2d 1298. "The Constitution is not offended

5

by the exercise of Florida's long-arm statute to effect personal jurisdiction over [Frantz (and his LLCs)] because his intentional conduct" both within and outside Florida was calculated to injure Raders in Florida. *See Licciardello*, 544 F.3d at 1286.

2. *Fair Play and Substantial Justice*

To comport with Due Process, the exercise of jurisdiction over a defendant also must "not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. When "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477.[4] Defendants have not made such a compelling case. Indeed, Defendants fail to affirmatively dispute the point. (*See* Doc. 15). Furthermore, Florida has a strong interest in "affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardo*, 544 F.3d at 1288.

Accordingly, the Court may exercise jurisdiction over Defendants without offending "traditional notions of fair play and substantial justice." *See Int'l Shoe*, 326 U.S. at 316; *Calder*, 465 U.S. at 1487 ("An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly caused the injury in California."). In short, the Complaint alleges Defendants intentionally defrauded Florida citizens by conduct aimed at the state, inflicting injury in Florida. *Not* exercising personal jurisdiction in this case would undermine fair play and substantial justice.

---

[4] Relevant considerations "include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardo*, 544 F.3d at 1288.

**IV. CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 15) is **DENIED**. Defendants shall answer the Complaint on or before Friday, **September 28, 2018**.

**DONE AND ORDERED** in Orlando, Florida on September 14, 2018.

*[Signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties