UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES L. RADERS,                          CASE NO. 6:18-cv-00711-PGB-EJK

      Plaintiff,

vs.

MICHAEL FRANTZ, FRANTZ
COMMUNITY INVESTORS, LLC, and
FRANTZ VENTURES, LLC,

      Defendants.

_____/

## PROPOSED JURY INSTRUCTIONS

**PRELIMINARY INSTRUCTIONS**

| | | |
|---|---|---|
| 1. | Eleventh Circuit Pattern Instruction 1.1 Preliminary Instruction | General |
| 2. | Eleventh Circuit Pattern Instructions 1.2 Clear and Convening Evidence | Burden of Proof – |
| 3. | Eleventh Circuit Pattern Instruction 2.1 | Stipulations |
| 4. | Eleventh Circuit Pattern Instruction 2.2 Depositions | Use of |
| 5. | Eleventh Circuit Pattern Instruction 2.5 | Judicial Notice |
| 6. | Eleventh Circuit Pattern Instruction 1.5 Statements | Interim |

Exhibit 10

7.	Eleventh Circuit Pattern Instruction 1.4	Jury Questions

**GENERAL INSTRUCTIONS AT THE CLOSE OF EVIDENCE**

8.	Eleventh Circuit Pattern Instruction 3.1  Introduction

9.	Eleventh Circuit Pattern Instruction 3.2.2   Duty to Follow Instructions - Corporate Party Involved

10.	Eleventh Circuit Pattern Instruction 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

11.	Eleventh Circuit Pattern Instruction 3.4   Credibility of Witnesses

12.	Eleventh Circuit Pattern Instruction 3.5.1 Impeachment of Witnesses because of Inconsistent Statements

13.	Eleventh Circuit Pattern Instruction 3.7.1 Responsibility for Proof - Plaintiff's Claims, Cross Claims, Counterclaims - Preponderance of the Evidence

14.	Eleventh Circuit Pattern instruction 1.2 Burden of Proof – Clear and Convincing Evidence

15.	Eleventh Circuit Pattern Instruction 3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages

16.	 Eleventh Circuit Pattern Instruction 3.6.1 Expert Witness

 **SUBSTANTIVE CAUSES OF ACTION**

17.	 Fraud in the Inducement

18.	 Breach of Contract

19.		Conversion

20.		Unjust Enrichment

21.		Piercing of the Corporate Veil

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, James Raders, claims the Defendants Michael Frantz, Frantz Community Investors, LLC and Frantz Ventures, LLC took actions, including actions involving fraud, deception and theft, to cause Plaintiff to turn over to Defendants the sum of $2,502,212.90 by wire transfers in March, 2016 and converted such funds and additional funds for a total of $3,103,306 for Defendants own uses and not for the uses for which Plaintiff delivered the funds. Defendants deny all of these claims.

<u>Burden of proof</u>:

Unless otherwise stated, Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales

tip to his side. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[Optional: On certain issues, called "affirmative defenses," [name of defendant] has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts [name of defendant] must prove for any affirmative defense. After considering all the evidence, if you decide that [name of defendant] has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you

understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence,

and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 1.1 General Preliminary
                     Instruction

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

## 1.2 Burden of Proof – Clear and Convincing Evidence

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

Source:              Eleventh Circuit Pattern Instruction 1.2 Clear and Convincing Evidence

GRANTED:            _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

Source:          Eleventh Circuit Pattern Instruction 2.1 General Preliminary
                 Instruction

GRANTED:         _____

DENIED:          _____

MODIFIED:        _____

WITHDRAWN:       _____

## 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Susan Frantz, taken August 20, 2021, is about to be presented to you by reading the transcript.

[If needed] [The deposition testimony of Defendant Frantz, from a different legal proceeding, is about to be presented to you by reading the transcript].

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:          Eleventh Circuit Pattern Instruction 2.2 General Preliminary
                 Instruction

GRANTED:         _____

DENIED:          _____

MODIFIED:        _____

WITHDRAWN:       _____

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:            Eleventh Circuit Pattern Instruction 2.5 General Preliminary
                   Instruction

GRANTED:            _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:          Eleventh Circuit Pattern Instruction 1.5 General Preliminary
                 Instruction

GRANTED:         _____

DENIED:          _____

MODIFIED:        _____

WITHDRAWN:       _____

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:          Eleventh Circuit Pattern Instruction 1.4 General Preliminary Instruction

GRANTED:        _____

DENIED:         _____

MODIFIED:       _____

WITHDRAWN:      _____

**3.1 Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES L. RADERS,                          CASE NO. 6:18-cv-00711-PGB-EJK

     Plaintiff,

vs.

MICHAEL FRANTZ, FRANTZ
COMMUNITY INVESTORS, LLC, and
FRANTZ VENTURES, LLC,

     Defendants.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 3.1

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:          Eleventh Circuit Pattern Instruction 3.2.2

GRANTED:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 3.3

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must

accept all the evidence as true or accurate. You should decide whether you believe

what each witness had to say, and how important that testimony was. In making

that decision you may believe or disbelieve any witness, in whole or in part. The

number of witnesses testifying concerning a particular point doesn't necessarily

matter.

To decide whether you believe any witness I suggest that you ask yourself

a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:            Eleventh Circuit Pattern Instruction 3.4

GRANTED:           _____

DENIED:            _____

MODIFIED:          _____

WITHDRAWN:         _____

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:          Eleventh Circuit Pattern Instruction 3.5.1

GRANTED:        _____

DENIED:          _____

MODIFIED:       _____

WITHDRAWN:     _____

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

Unless otherwise stated, in this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim(s) by a preponderance of the evidence, you should find for the Defendants as to that claim.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 3.7.1

GRANTED:         _____

DENIED:            _____

MODIFIED:        _____

WITHDRAWN:    _____

## 1.2 Burden of Proof – Clear and Convincing Evidence

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 1.2

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

WITHDRAWN:      _____

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 3.8.1

GRANTED:         _____

DENIED:           _____

MODIFIED:       _____

WITHDRAWN:     _____

### 3.6.1 Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

Source:              Eleventh Circuit Pattern Instruction 3.6.1

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

WITHDRAWN:     _____

## Count 1

## FRAUD IN THE INDUCEMENT

The issues for you to decide on Plaintiff's claim for fraud in the inducement are:

First, whether Defendants made a false statement concerning a material fact [or omitted to disclose a material statement of fact];

Second, whether Defendants knew the statement was false when they made it or made the statement knowing they did not know whether it was true or false;

Third, whether Defendants intended that another would rely on the false statement;

Fourth, whether Plaintiff relied on the false statement; and, if so,

Fifth, whether the false statement was a legal cause of loss, injury, or damage to Plaintiff.

Plaintiff may rely on a false statement, even though its falsity could have been discovered if Plaintiff had made an investigation.  However, Plaintiff may not rely on a false statement if he knew it was false or its falsity was obvious to him.

If you find from your consideration of the evidence that a preponderance of the evidence shows that Defendants made fraudulent statements or omissions to Plaintiff which Plaintiff relied upon, then you should go on to consider what damages, if any, Plaintiff suffered as a result.  On the other hand, if you find from your consideration of the evidence that Plaintiff has not proven all of the elements, then you should find for Defendants.

Source:     Florida Instruction 409.7, Issues on Plaintiff's Claim – Fraudulent Misrepresentation

GRANTED:           _____

DENIED:           _____

MODIFIED:           _____

WITHDRAWN:      _____

## Count 2

## BREACH OF CONTRACT

Plaintiff claims that he entered into an Investment Agreement with Defendants Frantz and Frantz Community Investors, LLC. Plaintiff claims that Defendants breached this Investment Agreement and that the breach resulted in damages to Plaintiff.

To recover damages from Defendants for breach of contract, Plaintiff must prove all of the following:

1.     Plaintiff and Defendants Frantz and Frantz Community Investors, LLC entered into a contract;

2.     Plaintiff did all, or substantially all, of the essential things which the contract required him to do.

3.     All conditions required by the contract for Defendants' performance had occurred;

4.     Defendants failed to do something essential which the contract required them to do; and

5.     Plaintiff was damaged by that failure.

If you find from your consideration of the evidence that a preponderance of the evidence shows that Defendants breached the Investment Agreement with Plaintiff, then you should consider what damages, if any, Plaintiff suffered as a result.  On the other hand, if you find from your consideration of the evidence that Plaintiff has not proven all of the elements, then you should find for Defendants.

Source:     Florida Instruction 416.1 and 416.4, Breach of Contract

GRANTED:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:   _____

## Count 3

## CIVIL THEFT

The claim in this case is that Defendants unlawfully obtained or used Plaintiff's property which caused him harm. Defendants deny that claim.

Plaintiff must prove his claim by clear and convincing evidence. I will now define some of the terms you will use in deciding this case.

"Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

a.   *Legal cause generally:*

A party's conduct is a legal cause of loss or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the conduct, the loss or damage would not have occurred.

b.   *Concurring cause:*

In order to be regarded as a legal cause of loss or damage a party's conduct need not be the only cause. A party's conduct may be a legal cause of loss or damage even though it operates in combination with the act of another or some other cause if the conduct contributes substantially to producing such loss or damage.

c.   *Intervening cause:*

A party's conduct may also be a legal cause of loss or damage even though it operates in combination with the act of another or some other cause occurring after the party's conduct occurs if such other cause was itself reasonably foreseeable and the party's conduct contributes substantially to producing such loss or damage or the resulting loss or damage was a reasonably foreseeable consequence of the party's conduct and the party's conduct contributes substantially to producing it.

The issues for you to decide on Plaintiff's claim are:

1. whether Defendants obtained or used the property of Plaintiff with criminal intent; that is, with the intent

2. to deprive Plaintiff, either temporarily or permanently, of a right to the property or a benefit from it and, if so,

3. whether Defendants' actions were a legal cause of loss or damage to Plaintiff

If clear and convincing evidence does not support Plaintiff's claim, your verdict should be for Defendants. However, if clear and convincing evidence supports Plaintiff's claim, then your verdict should be for Plaintiff and against Defendants.

If you find for Defendants you will not consider the matter of damages. But if you find for Plaintiff, you should award Plaintiff an amount of money, if any, that the clear and convincing evidence shows are the actual damages sustained by Plaintiff.

Source:        Florida Instruction 411.2-411.7, Civil Theft

GRANTED:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

## Count 4

## CONVERSION

Plaintiff claims that he entered into an Investment Agreement with Defendants Frantz and Frantz Community Investors, LLC. Plaintiff claims that Defendants breached this Investment Agreement and that the breach resulted in damages to Plaintiff.

To recover damages from Defendants for conversion, Plaintiff must prove all of the following:

1. There is specific and identifiable money at issue

2. Plaintiff has possession of or an immediate right to possess the money at issue

3. Defendants engaged in an unauthorized act which deprived Plaintiff of that money regardless of Defendants' intent; in other words, neither Defendants knowledge nor intent are required, only the fact Defendants engaged in an unauthorized act that deprived Plaintiff of that money;

4. Plaintiff made a demand for return of the money and

5. Defendants refused or otherwise failed to do so

If you find from your consideration of the evidence that a preponderance of the evidence shows that Defendants engaged in conversion of the money at issue, then you should consider what damages, if any, Plaintiff suffered as a result.  On the other hand, if you find from your consideration of the evidence that Plaintiff has not proven all of the elements, then you should find for Defendants.

Source:        Navid v. Uiterwyk Corp., 130 B.R. 594, 595-596 (M.D. Fla. 1991); see also Challa v. Challa (In re Challa), 186 B.R. 750, 759 (Bankr. M.D. Fla. 1995).

GRANTED:              _____

DENIED:              _____

MODIFIED:              _____

WITHDRAWN:              _____

## Count 5

## UNJUST ENRICHMENT

Plaintiff claims that Defendants owe him money and that Defendants failed to return the money to Plaintiff, but instead used it for Defendants' own benefit.  To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1. Plaintiff gave a benefit (in this case, money) to Defendants.

2. Defendants knew of the benefit (in this case received the money);

3. Defendants accepted or retained the money and benefited as a result; and

4. The circumstances are such that Defendants should, in all fairness, be required to pay for the benefit (in this case, return the money that benefitted Defendants).

Source:        Florida Instruction 416.7; contract implied in law

 GRANTED:              _____

DENIED:              _____

MODIFIED:              _____

WITHDRAWN:              _____

## Count 6

### PIERCING CORPORATE VEIL OF FRANTZ VENTURES, LLC

Frantz Ventures, LLC is a legal entity separate from its owner(s). An owner can be an individual. The owner(s) are not liable for the acts of the Frantz Ventures, LLC unless there is a piercing of the corporate veil. In this case, Plaintiff seeks to "pierce the corporate veil" between Frantz Ventures, LLC and Defendant Frantz, so as to impose obligations upon Defendant Frantz that otherwise would be owing, if at all, solely from Frantz Ventures, LLC.

In order to pierce the corporate veil and hold Defendant Frantz liable for obligations of Frantz Ventures, LLC, Plaintiff must show that:

1. Defendant Frantz dominated and controlled Frantz Ventures, LLC such that:

    a.  Frantz Ventures, LLC's separate identity was not sufficiently maintained, and

    b.  Frantz Ventures, LLC lacked an existence independent from Defendant Frantz; and

2.  The corporate form of Frantz Ventures, LLC was used for a fraudulent or improper purpose; and

3.  Plaintiff was harmed by the fraudulent or improper use of the corporate form of Frantz Ventures, LLC.


Source:      Florida Instruction 416.43, Piercing the Corporate Veil

DENIED:              _____

MODIFIED:            _____

WITHDRAWN:        _____