UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES L. RADERS,

    Plaintiff,

vs.                                    CASE NO. 6:18-cv-00711-PGB-EJK

MICHAEL FRANTZ, FRANTZ COMMUNITY
INVESTORS, LLC, and FRANTZ VENTURES,
LLC,

    Defendants.
_____/

## DEFENDANTS' MOTION *IN LIMINE*

COME NOW Defendants, Michael Frantz ("Frantz"), Frantz Community Investors, LLC ("FCI") and Frantz Ventures, LLC ("Frantz Venture") (collectively, "Defendants"), by and through their undersigned counsel, and hereby move this Honorable Court for an order *in limine* barring any testimony or reference by Plaintiff, his witnesses, or attorneys to the following:

1. <u>Any testimony or reference as to Frantz's Personal Financial Statement ("PFS") specifically or wealth in general</u>. The crux of Plaintiff's six-count Amended Complaint is that Defendants fraudulently induced Plaintiff into investing his money in tax-friendly real estate opportunities. *See, e.g.,* Dkt. #10 at ¶¶ 10-13. Frantz's personal wealth, whether exemplified through his PFS or otherwise, is irrelevant to Plaintiff's claims. Significantly, there is no evidence that Frantz induced Plaintiff to invest by misstating his personal wealth. In fact, Plaintiff concedes that he received a copy of Frantz's PFS *after* investing with Defendants. Furthermore, when asked at his deposition what Frantz communicated to him prior to making his investment, Plaintiff made no mention of any statement by Frantz as to his personal wealth. *See* Raders Dep., **Exhibit A**, pp.

27-30. Allowing irrelevant evidence as to Frantz's personal wealth will confuse the jury, prejudice Defendants, and turn the trial into a side show about Frantz's personal finances.

2. <u>Any testimony or reference as to other litigation against Defendants</u>. It is expected that Plaintiff will introduce evidence as to unrelated litigation filed against one or more of the Defendants. The existence of this outside litigation is irrelevant to the present dispute and its introduction at trial will only serve to convince the jury that if other people have also sued Defendants, then they must be guilty. The outside litigation would only be relevant if Plaintiff could prove that Defendants had a duty to disclose it. That is not the case here.

"A defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose." *TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879 (Fla. Dist. Ct. App. 2000). "The threshold question of whether one has a duty to disclose is a matter of law to be decided by the court." *Pritchard v. Levin*, 305 So. 3d 628, 630 (Fla. Dist. Ct. App. 2020). "The question of duty to disclose hinges on whether the defendant has done something toward the plaintiff or occupies a status with respect to the plaintiff that obligates the defendant to make a disclosure." *Philip Morris USA, Inc. v. Duignan*, 243 So. 3d 426, 442 (Fla. Dist. Ct. App. 2017).

Here, Plaintiff cannot show that Defendants had a duty to disclose the existence of outside litigation. Plaintiff—a medical doctor—and Frantz were simply friends, with neither individual occupying a position of power or respect over the other. There was no fiduciary relationship, as further evidenced by the fact that Plaintiff has never alleged one, let alone a breach of a fiduciary duty. And, significantly, the outside litigation was necessarily of public record, meaning Plaintiff had access to this information and could have discovered it himself with minimal investigation.

Parties to business transactions frequently require, in writing, their counterparts to disclose any pending or foreseeable litigation. Plaintiff made no such effort to require Defendants' disclosure of any pending litigation. Indeed, that topic never arose, and there is no basis to find that Defendants had an affirmative obligation to disclose outside litigation. To hold otherwise would require every party to every business transaction to disclose any and all pending litigation, or else be liable for fraud. The law does not support such outcome.

3. <u>Any testimony or reference as to Frantz's personal bankruptcy and any adverse proceeding therein</u>. Frantz filed for bankruptcy in Bankruptcy Case No. 19-23077, US Bankruptcy Court for the Eastern District of Wisconsin on April 9, 2019, more than three years after Plaintiff made the investment at issue. The fact of this filing and any events that transpired therein, including any adversary proceeding, are wholly irrelevant to the present dispute. Furthermore, revealing Frantz's bankruptcy filing will prejudice Frantz in the minds of the jury. *See, e.g. King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 11505869, at *1 (S.D. Fla. Jan. 5, 2010) (granting motion i*n limine* barring evidence of defendant's bankruptcy filing and stating, "Generally, a bankruptcy filing in no way demonstrates that the defendant had particular need for money and may have the purpose of relieving the pressure which might compel him to a certain act."); *Pandora Jewelry, LLC v. Cappola Cap. Corp.*, No. 8:06-CV-845-T-24 MSS, 2009 WL 2059751, at *1 (M.D. Fla. July 10, 2009) (granting motion *in limine* and barring evidence of bankruptcy in front of the jury).

4. <u>Any testimony or reference as to the romantic relationship between Frantz and Kristin LaFave</u>. Bank records produced in this case show that after Plaintiff's roughly $2.5 million investment was deposited into the bank account of Frantz Ventures, a wire of $100,000 was sent

from that account to an individual named Kristin LaFave. Frantz has testified that Ms. LaFave was investor, and that she was paid back her investment to make more room for Plaintiff's investment. Frantz's ex-wife, Susan, has testified that Ms. LaFave was Frantz's then-girlfriend. Any supposed romantic relationship between Frantz and Ms. LaFave is irrelevant to this dispute. There is no evidence in the record to show that the $100,000 wire was paid to Ms. LaFave because they were allegedly in a relationship. Unless Plaintiff is able to support such connection with actual evidence, testimony or reference to a romantic relationship between Frantz and Ms. LaFave is irrelevant and highly prejudicial.

5. <u>Any testimony by Plaintiff's expert, Shari Lutz</u>. On July 2, 2021, Plaintiff disclosed his expert, Shari Lutz. A copy of this disclosure is attached as **Exhibit B**. Plaintiff's expert disclosure, which does not include a written report by the expert, states the following with respect to Ms. Lutz's expected expert opinion:

> (i) A complete statement of the opinions the witness will express and the basis and reasons for them
>
> **Shari L. Lutz, CPA/CFF, ASA will testify as to the amount of damages and amounts owed from Defendant Michael Frantz to Plaintiff James Raders.**
>
> **Her opinions will be based on the information known and the discovery undertaken in this case thus far. Plaintiff reserves the right to supplement any opinions upon receipt of additional information and discovery.**

*See* Ex. B, p. 1 (bold original).

This disclosure is woefully insufficient. As an initial matter, Rule 26(a)(2)(B) requires that an expert disclosure "be accompanied by a written report—prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's disclosure includes no such report.

Furthermore, an expert's report "must contain" *inter alia* "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data

4

considered by the witness in forming them." *Id*. Plaintiff's expert disclosure includes none of this information, let alone within the expert's written report.

An expert's disclosure should explain "'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. Compliance with Rule 26(a)(2)(B) is mandatory, and it serves the important functions of decreasing the need or burden of expert depositions, helping avoid trial-by-ambush, and providing the trial court with the information needed for evaluations of admissibility. *See Salgado ex rel. Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 741 n.6 (7th Cir. 1998); *see also* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (explaining that under new rules, "the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.").

Here, Plaintiff has not only failed to include an expert report with his disclosure, but the disclosure fails to even disclose the expert's expected testimony, let alone the basis of such testimony, the evidence relied upon, or the methodology used. Rather, the disclosure simply discloses the topic on which his expert will testify. This is inadequate, and Plaintiff should be barred from presenting Ms. Lutz as an expert witness.

Dated this 27th day of December, 2021.

*Attorneys for Michael Frantz; Frantz Community Investors, LLC; and Frantz Ventures, LLC*

| /s/ Barry W. Rigby | /s/ Mark D. Belongia |
|---|---|
| Barry W. Rigby, Esquire | Mark D. Belongia, Esquire |
| Florida Bar No. 0613770 | *Pro Hac Vice* |
| barryrigbylaw@gmail.com | belongiam@jbltd.com |
| LAW OFFICES OF BARRY RIGBY, P.A. | JOHNSON & BELL |

| | |
|---|---|
| 1881 Lee Road | 33 W. Monroe Street, Suite 3700 |
| Winter Park, FL 32789-2102 | Chicago, IL 60603-5404 |
| Phone: (407) 650-1985 | Phone: (312) 370-0770 |
| Fax: (407) 386-6150 | Fax: (312) 372-9818 |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/ *Mark D. Belongia*
                                        Mark D. Belongia, Esquire