87113-5/13261022

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES L. RADERS,                                    CASE NO. 6:18-cv-00711-PGB-EJK

    Plaintiff,

vs.

MICHAEL FRANTZ, FRANTZ COMMUNITY
INVESTORS, LLC, and FRANTZ VENTURES,
LLC,

    Defendants.
_____/

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

COMES NOW Plaintiff, James Raders, by and through undersigned counsel, and pursuant to Fed. R. Evid. 201, and hereby files this Request for Judicial Notice, and in support thereof states as follows:

1. This action arises out of statements made by Defendant, Michael Frantz, to Plaintiff, James Raders, in an attempt defraud and deceive Plaintiff into liquidating and funding to Defendants all of Raders' retirement accounts and life insurance proceeds.

2. Defendants' deception included lying to Plaintiff about Defendant Frantz' net worth (claiming an over $27,000,000 net worth) and representing to Plaintiff that Defendants were in control of substantial real estate deals that would allow Plaintiff's funds to be invested in high-earning projects. However, Defendant(s)

were being sued by numerous persons and entities and the claimed real estate deals were in default. None of the debt defaults or lawsuits were disclosed to Plaintiff.

3. Defendant Frantz filed a Chapter 7 Bankruptcy Petition on April 9, 2019 in the Eastern District of Wisconsin, Case No. 19-23077-GMH and adversary proceedings followed (Raders v. Frantz (In re Michael Frantz), Case No. 19-02112 and Layng v. Frantz, Case No. 19-02114) (collectively referred to as "Bankruptcy action").

4. During the Bankruptcy action, Defendant Frantz filed documentation related to his debts and creditors and provided testimony to the U.S. Trustee regarding his financial condition.

5. The court filings from the Bankruptcy action are important to the trier of fact's consideration of this case.

6. While not using the pleadings, documents, and orders to determine whether the matters asserted in them were true, the very allegations, defenses, and statements that were made and the pleadings and documents that were filed in the underlying litigation are, or may be, relevant to matters in dispute at the trial of the present case

7. As such, Plaintiff requests that this Court take judicial notice of all filings from the Bankruptcy action.

8. Pursuant to Fed. R. Evid. 201(b), the Court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

9. Judicial notice of the filings contained within the Bankruptcy action is appropriate here because the nature of the proceedings and the contents of the filings in that case may be accurately and readily determined from the docket, the accuracy of which cannot reasonably be questioned. See Ali v. Hudson Ins. Co., No. 3:15-cv-816-J-34PDB, 2016 WL 1090018, at *3 (M.D. Fla. Mar. 21, 2016)(granting the defendants' request for the court to take judicial notice of a state court proceedings as they "can be readily and accurately determined from the source whose accuracy cannot reasonably be questioned"); Verizon Trademark Servs., LLC v. Producers, Inc., No. 8:10-cv-665-T-33EAJ, 2011 WL 308237, at *1 (M.D. Fla. Jan. 27, 2011)(noting that "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

WHEREFORE, for the reasons stated above, Plaintiff requests that the Court take judicial notice of the court filings within the Bankruptcy action

(Eastern District of Wisconsin Case No. 19-23077; Case No. 19-02112; and Case No. 19-02114).

### Certification of Counsel Pursuant to M.D. FLA. L.R. 3.01(g)

Undersigned counsel conferred with counsel for Defendants on December 27, 2021, who advised that Defendants oppose the relief requested herein.

Dated: December 27, 2021

        Respectfully submitted,

        /s/ Krista N. Cammack
        Krista N. Cammack, Esquire (104718)
        kcammack@wickersmith.com
        Peter Bartoszek (1015519)
        pbartoszek@wickersmith.com
        WICKER SMITH O'HARA McCOY & FORD, P.A.
        *Attorneys for James L. Raders*
        390 N. Orange Ave., Suite 1000
        Orlando, FL 32801
        Phone: (407) 843-3939

### CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ Krista N. Cammack
        Krista N. Cammack, Esquire