UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES L. RADERS,

    Plaintiff,

vs.                                    CASE NO. 6:18-cv-00711-PGB-EJK

MICHAEL FRANTZ, FRANTZ COMMUNITY
INVESTORS, LLC, and FRANTZ VENTURES,
LLC,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

COME NOW Defendants, Michael Frantz ("Frantz"), Frantz Community Investors, LLC ("FCI") and Frantz Ventures, LLC ("Frantz Venture") (collectively, "Defendants"), by and through their undersigned counsel, and hereby respond to the Court's Order to Show Cause (Dkt. 69) as follows:

## FACTUAL BACKGROUND

1. On August 6, 2021, Plaintiff James L. Raders ("Plaintiff") filed a Motion to Compel seeking documents responsive to the following requests to produce from Plaintiff's Supplemental Request to Produce:

> 8. The Frantz, LLC real estate portfolio, as detailed in paragraph 13 of the Amended Complaint.
>                                                   ***
>
> 11. All documentation used in creating the Personal Financial Statement, attached as Exhibit C to the Amended Complaint.
>
> 12. All documentation evidencing that Defendant Michael Frantz had a "net worth of over $27 million," as detailed in paragraph 20 of the Amended Complaint.
>                                                   ***

>   14. All documentation evidencing the use and location of the funds provided by Plaintiff to Defendants, which is the subject of allegations in the Amended Complaint.

*See* Dkt. 61 at 3-4.

2. Plaintiff's Motion to Compel detailed various communications between Plaintiff's counsel and an attorney for Defendants. *Id*. at 4-5. That attorney was Brian Langs. After the filing of Plaintiff's Motion to Compel, Mr. Langs unfortunately took a leave of absence from work due to health reasons, and no response was filed to the Motion to Compel.

3. On September 23, 2021, the Court entered an order stating, in pertinent part:

> Defendants failed to file a timely response; therefore, the motion will be construed as unopposed. See Local Rule 3.01(c). Defendants' objections to the subject discovery requests are deemed waived, and all responsive documents must be produced on or before September 30, 2021.

*See* Dkt. 63.

4. After that ruling, undersigned counsel reached out to Plaintiff's counsel, introduced himself, and explained that he was working with his clients to produce any documents responsive to the requests to produce at issue.

5. On September 29, 2021, following a telephone call between counsel, Plaintiff's counsel sent undersigned counsel an email, which stated in pertinent part, as follows:

> In follow up to our call, I have had an opportunity to speak with my client about your request for an extension in which to comply with the Court's recent discovery Order. (Doc. # 63). We are agreeable to a **4-day extension (until 10/4 at <u>noon</u> (EST))** for you to provide Mr. Frantz' response/responsive documents, so long as we also get a **4-day extension (until 10/12)** to file our Reply in Support of our Motion for Summary Judgment (currently due 10/8). We are opposed to any additional relief.
>
> At a minimum, we are seeking information/documentation as to the use and location of the money provided by Dr. Raders to Mr. Frantz/Frantz Ventures/FCI. For example, for money transferred from the Frantz Ventures account to the account for Three

> Forwards, LLC d/b/a Frantz Hobart Management Services, we are seeking information/documentation as to what the transferred money was then used for, etc.

*See* 9/29/21 Email, **Exhibit A**.

6. The following day, undersigned counsel emailed the following response, which reiterated statements made in telephone discussions with Plaintiff's counsel that Defendants likely had no additional responsive documents to produce:

> What if we agree to an informal extension to tomorrow (10/1) at 5pm EST? It's looking like we may not have any additional documents to produce, but Mike [Frantz] and I will be working the phone lines today and tomorrow to try and get some of the documents you are requesting. He doesn't have any in his possession, so we'll need to get these documents from third parties. I don't think the extra few hours on Monday (10/4) will make a difference, but hopefully we can get something to you tomorrow.

*See* 9/30/21 Email, **Exhibit B**.

7. Plaintiff's counsel agreed to the one-day extension to October 1, 2021. *Id*.

8. The following day, on October 1, 2021, before the close of business undersigned counsel sent Plaintiff's counsel the following email: "We don't have any further documents to produce. I wanted to let you know before you left for the day." *See* 10/1/2021 Email, **Exhibit C**.

9. On October 8, 2021, Plaintiff filed his reply in support of his Motion for Summary Judgment. *See* Dkt. 67.

10. During that time period, undersigned counsel worked with Defendants to obtain an affidavit of completeness by Defendants attesting that all documents in their possession and control responsive to the requests to produce at issue had been produced. This process was delayed when Defendant Frantz discovered that an attorney that Defendant Frantz had previously hired to do corporate and real estate work for Frantz and his related entities might be in possession of responsive documents.

3

11. Frantz was subsequently able to recover documents from this attorney, which consisted of various corporate organizational documents for entities in which one or more Defendants had an interest (the "Corporate Organizational Documents"). These documents could potentially be relevant and therefore responsive to the requests to produce at issue, particularly those referencing the "Frantz, LLC real estate portfolio" and Frantz's "Personal Financial Statement." *See* Dkt. 61 at 3.

12. Accordingly, on November 18, 2021, undersigned counsel submitted to Plaintiff's counsel the Corporate Organizational Documents (bates labeled MFJB 000265- MFJB 000698), as well as an affidavit of completeness signed by Defendant Frantz on his own behalf and on behalf of Defendants FCI and Frantz Ventures attesting that, to the best of his knowledge, Defendants' document production in response to the document requests at issue was complete. *See* 11/18/21 Email from Undersigned Counsel, **Exhibit D**; *see also* Affidavit of Completeness, **Exhibit E**.

13. As the above recitation shows, Defendants have represented that they have produced all responsive documents in their possession or control. *See also* Declaration of Michael Frantz, **Exhibit F**. This is all that is required by the Federal Rules of Civil Procedure. *See, e.g., Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470 (S.D. Fla. 2011) ("Pursuant to Rule 34(a), a party must produce documents in response to a request for production where those documents are 'in the responding party's possession, custody, or control[.]'") (quoting Fed. R. Civ. P. 34(a)).

14. In his reply brief in support of his Motion for Summary Judgment, Plaintiff argues that, "Defendants have not provided one single invoice, receipt, bill, etc. detailing payments made with Raders' funds." *See* Dkt. 67 at 4. Even assuming this is true, this is a matter of evidentiary weight to be addressed by the jury as Plaintiff will no doubt confront Frantz's testimony at trial

with the supposed lack of evidence supporting Frantz's position that of Plaintiff's funds were used in relation to his real estate investment.[1]

Dated this 3rd day of January, 2022.

*Attorneys for Michael Frantz; Frantz Community Investors, LLC; and Frantz Ventures, LLC*

| | |
|---|---|
| */s/ Barry W. Rigby* | */s/ Mark D. Belongia* |
| Barry W. Rigby, Esquire | Mark D. Belongia, Esquire (*Pro Hac Vice*) |
| Florida Bar No. 0613770 | belongiam@jbltd.com |
| barryrigbylaw@gmail.com | Ramses Jalalpour (*Pro Hac Vice*) |
| LAW OFFICES OF BARRY RIGBY, P.A. | jalalpourr@jbltd.com |
| 1881 Lee Road | JOHNSON & BELL |
| Winter Park, FL 32789-2102 | 33 W. Monroe Street, Suite 3700 |
| Phone: (407) 650-1985 | Chicago, IL 60603-5404 |
| Fax: (407) 386-6150 | Phone: (312) 370-0770 |
| | Fax: (312) 372-9818 |

---

[1] Bank records produced in this matters how that Plaintiffs' funds were used to pay entities such as "West Branch & Tipton Roof" and "Estes Construction," which clearly relate to the real estate investment project in which Plaintiff invested his money. Nevertheless, it is true that Defendants have not produced invoices or receipts detailing these payments.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2022, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all counsel of record.

                                                /s/ *Mark D. Belongia*
                                                Mark D. Belongia, Esquire