# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES L. RADERS,**

      **Plaintiff,**

v.                                **Case No: 6:18-cv-711-PGB-EJK**

**MICHAEL D. FRANTZ, FRANTZ
COMMUNITY INVESTORS,
L.L.C and FRANTZ VENTURES,
L.L.C,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on the Defendant's Response to the Court's Order to Show Cause. (Docs. 69, 78). Having the benefit of the Defendant's response, the Court deems that an evidentiary hearing is required to determine whether the Defendant acted willfully or in bad faith by his failure to comply with the Plaintiff's Requests for Production and acted willfully or in bad faith by failing to comply with the Court's Order directing the Defendant to produce records requested by the Plaintiff in discovery. The evidentiary hearing shall be conducted by the Magistrate Judge who will thereafter issue a Report and Recommendation on whether the Defendant acted willfully or in bad faith and whether sanctions should be imposed.

## I. BACKGROUND

The procedural history of this case is discussed in detail in the Court's Order on Plaintiff's Motion for Summary Judgment. (Doc. 81). Suffice to say that the instant dispute arises from a failed investment opportunity wherein the Plaintiff liquidated his retirement account, wired considerable funds to an account controlled by the Defendants, with those funds subsequently disappearing. The instant litigation followed.

On December 7, 2018, the Plaintiff served the Defendants with its First Request to Produce documents and requested various categories of documents including the following:

> 7.  The Frantz, LLC real estate portfolio, as detailed in paragraph 13 of the Amended Complaint.
>
> . . .
>
> 10. All documentation evidencing that Defendant Michael Frantz had a 'net worth of over $27 million,' as detailed in paragraph 20 of the Amended Complaint.
>
> . . .
>
> 12. All documentation evidencing the use and location of the funds provided by Plaintiff to Defendants, which is the subject of allegations in the Amended Complaint.

(Doc. 61, p. 2).

In response the Defendants stated, "Requested, will provide upon receipt of same." (*Id.*).

The Plaintiff avers the Defendants provided, via email, a copy of Mr. Frantz' Personal Financial Statement, and bank statements for several entities. (*Id.* at pp.

2

2–3). The matter was stayed pending resolution of the Defendants' bankruptcy petition. (Docs. 34, 45). On July 19, 2021, four-months after the stay was lifted, the Plaintiff served a Supplemental Request to Produce again seeking the Frantz, LLC real estate portfolio, all documents used in creating the Personal Financial Statement, all documents supporting Mr. Frantz's allege $27 million net worth, and all documents detailing the use and location of the funds provided by the Plaintiff. (Doc. 61, pp. 3—4). The Defendants objected that the Supplemental Requests to Produce were duplicative of the First Request to Produce and in response cited their prior assurance that responsive documents would be produced once received. (*Id.*). The Plaintiff filed a Motion to Compel production of responsive documents; the Defendants failed to respond, and the Magistrate Judge granted the Plaintiff's motion. (Docs. 61, 63).

On December 20, 2021, the undersigned entered an Order to Show Cause within fourteen (14) days why the Court should not impose sanctions, including Striking the Defendants' Response to Plaintiff's Motion for Summary Judgment in whole or in part, for failure to comply with the Court's Order granting the motion to compel. (Doc. 69). The Defendants submitted a Response to the Order to Show Cause, claiming that, following entry of the Magistrate Judge's Order, they communicated with the Plaintiff that they did not have any further documents to produce. (Doc. 78, p. 3). A week later the Defendants corrected this statement, telling the Plaintiff that "Defendant Frantz discovered that an attorney that [he] previously hired to do corporate and real estate work for Frantz and his related

3

entities might be in possession of responsive documents." (*Id.*). The Defendant avers that he was "subsequently able to recover documents from this attorney, which consist of various corporate organizational documents for entities in which one or more Defendants had an interest." (*Id.* at p. 4). The organizational documents were produced on November 18, 2021. (*Id.*). Defendant Michael Frantz prepared a declaration in which he swears, in pertinent part, that "I am unaware of any other responsive documents that would be in my possession or control." (Doc. 78–6).

## II. LEGAL STANDARDS

Rule 37 allows district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). This Rule allows for sanctions when a party fails to comply with a discovery order or fails to attend its own deposition. *See* FED. R. CIV. P. 37(b)(2)(A), (d)(1)(A)(i). For both offenses, the Rule authorizes a variety of sanctions, such as, striking pleadings, rendering a default judgment, and holding the disobeying party in contempt of court. FED. R. CIV. P. 37(b)(2)(A)(iii), (vi), (vii); 37(d)(3). *See also United States v. Certain Real Prop. Located at Route 1, Bryant*, 126 F.3d 1314, 1317 (11th Cir. 1997). Furthermore, Rule 37 provides that "the court must order the disobedient party, attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C), (d)(3); *see also Alyeska Pipeline*

*Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975). The Supreme Court has also held that the intent behind Rule 37 sanctions is both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). This deterrence is necessary because "it is not the court's function to drag a party kicking and screaming through discovery." *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 134 (S.D. Fla. 1987).

Specifically, the sanction of default is seen as a "last resort" but a party's "willfull or bad faith disregard" for discovery orders may call for this type of sanction especially in cases where the party failed to comply with a court order compelling discovery and warning that the failure to comply might result in a default judgment. *See Certain Real Prop. Located at Route 1*, 126 F.3d at 1317–18; *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994). Bad faith may be found through "delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians, LLC V. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–24 (11th Cir. 2017) ("The key to unlocking a court's inherent power is a finding of bad faith.").

## III. DISCUSSION

The Defendant has had more than three (3) years to locate documents responsive to the Plaintiff's Request to Produce. The bankruptcy proceeding initiated by the Defendant does not serve as an impediment, since the Defendant would have then needed to produce a schedule of assets and liabilities. *See* FED. R. BANKR. P. 1007. The Court is not persuaded by the Defendant's bald assertion that he is unaware of any other responsive documents that would be in his possession or control. Under Rule 34(a), "[c]ontrol is defined not only as possession, but as the legal right to obtain the documents requested upon demand." FED. R. CIV. P. 34(a); *Siegmund v. Xuelian Bian*, 746 F. App'x 889, 891 (11th Cir. 2018) (citation omitted).

The Defendant fails to articulate why he lacks possession or control over any of the requested documents, and his denial defies commonsense. For example, the Plaintiff requested production of documents supporting the Defendant's professed net worth memorialized in the Defendant's Personal Financial Statement. Defendant Michael Frantz verified the financial statement and listed as assets $1,400,000 held in two bank accounts; "Stocks/Bonds/Mutual Funds" worth $21,588.575; residential real estate valued at $1,400,000; and real estate investments worth $23,266.667. (Doc. 10–3). It is inconceivable that the Defendant is incapable of obtaining bank account statements, brokerage statements, and real estate appraisals to corroborate the assets he listed on his

6

financial statement. It is likewise odd that the Defendant is incapable of obtaining copies of wire transfers and bank drafts demonstrating precisely how he disposed of the Plaintiff's life's savings. The Defendant has delayed production of these records for nearly three (3) years and is attempting to use the absence of records as a defense to the Plaintiff's prosecution of this case. At face value, the failure to produce these records appears to be willful and undertaken in bad faith.

### IV.   CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that:

1. The Magistrate Judge shall conduct an evidentiary hearing at which Defendant Michael Frantz's personal appearance is mandatory and during which Defendant Frantz may be questioned concerning his failure to produce documents as Ordered by this Court;

2. The Defendant shall be prepared to identify the names and addresses of brokerage firms, or other financial advisors, who acquired the stock, bonds, and mutual funds identified by the Defendant on his financial statement and to address his specific efforts employed to acquire documents responsive to the Plaintiff's Request to Produce Number 10.

3. The Defendant shall be prepared to identify the bank accounts from which the proceeds deposited by the Plaintiff were disbursed, to whom the disbursement was made, the purpose of each disbursement, and the efforts he undertook to obtain documents responsive to Plaintiff's Request to Produce Number 12.

4.  The Defendant shall be prepared to specifically identify the steps he undertook to obtain documents responsive to Plaintiff's Request to Produce Number 7.

5.  At the conclusion of the evidentiary proceeding, the Magistrate Judge shall issue, in due course, a Report and Recommendation detailing the findings of the evidentiary hearing, addressing whether the failure to comply with the Court's Order was willful or in bad faith and recommending whether sanctions to include entry of a default judgement on the remaining causes of action is warranted.

**DONE AND ORDERED** in Orlando, Florida on January 19, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

8